UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAI KANG,<br><br>                    Plaintiff,<br><br>        -against-<br><br>NANCY SIVILLI (STATE OF NEW JERSEY); MARY JEAN GALLAGHER; XIAOYU (CINDY) CHEN; LUCY AGOSTINI; RICHARD C. SHERMAN,<br><br>                    Defendants. | 19-CV-11660 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who alleges that he is a United States citizen residing in Beijing, China, brings this action *pro se*. Plaintiff asserts claims arising out of his 2015 judgment of divorce, entered in the Superior Court of New Jersey, Chancery Division, Essex County Family Part. Plaintiff sues his ex-wife, the Superior Court Judge who presided over the divorce proceedings, and attorneys involved with the divorce proceedings and sale of real property in New Jersey.

For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff filed this complaint asserting claims arising out of divorce proceedings in the Superior Court of New Jersey, Essex County, and out of the sale of real property in Nutley, New Jersey. Plaintiff lists addresses for Defendants in New Jersey Because Plaintiff alleges that Defendants reside outside this District and that a substantial part of the events or omissions underlying his claim arose outside this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in New Jersey and have no apparent connection to New York. Plaintiff's choice of forum is also entitled to less deference because he does not reside in this District and the operative events did not occur here.

Venue is proper in the United States District Court for the District of New Jersey. *See* 28 U.S.C. § 1391(b)(2). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. The Clerk of Court is further directed to mail a copy of this order to Plaintiff, and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:   December 20, 2019
           New York, New York

                                                COLLEEN McMAHON
                                     Chief United States District Judge