<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAI KANG, | |
| Plaintiff, | |
| v. | Case No. 2:19-cv-22080-BRM-JAD |
| JUDGE NANCY SIVILLI, *et al.*, | |
| Defendants. | **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Kai Kang's ("Kang") Third Amended Complaint filed against multiple defendants. Kang was previously granted leave to proceed *in forma pauperis* (ECF No. 8), and therefore the Court screens the Third Amended Complaint pursuant to 28 U.S.C. 1915(e)(2)(B) and 1915A. Having reviewed Kang's submissions, including the original and the three amended complaints (ECF Nos. 2, 7, 9, 13), for the reasons set forth below, and for good cause shown, this case is **DISMISSED** for lack of jurisdiction.

**I.     BACKGROUND**

This matter stems from a 2015 divorce proceeding entered in the Superior Court of New Jersey, Essex County, Chancery Division, Family Part. In his Complaint, Kang claims the divorce judgment resulted in the loss of his residential property and custody rights of his daughter. Kang asserts claims against Superior Court Judge Sivilli, who presided over the divorce proceedings, and a dozen attorneys and real estate agents who were involved in the divorce proceedings and sale of real property in New Jersey. Kang seeks compensatory and punitive damages as well as

judicial review of an existing child custody agreement. Kang alleges the basis for this Court's jurisdiction lies in federal question and in diversity of citizenship.

On December 17, 2019, Kang filed this action in the U.S. District Court for the Southern District of New York. (ECF No. 2.) On December 20, 2019, the case was transferred to this Court. (ECF No. 4.) On January 15, 2020, Kang filed a 93-page Amended Complaint, plus 86 pages of exhibits (ECF No. 7), which was dismissed without prejudice on January 23, 2020, for lack of subject matter jurisdiction (ECF No. 8). On January 24, 2020, Kang filed a 137-page Second Amended Complaint, plus nearly 100 pages of exhibits and supplemental filings. (ECF No. 9. *See also* ECF Nos. 10, 12.) On April 8, 2020, Kang filed a 226-page Third Amended Complaint, plus over 650 pages of exhibits. (ECF No. 13.) On April 15, 2020, the Court entered a text order advising Kang that it would screen the Third Amended Complaint and that "[n]o further amendments may be filed without permission of the Court." (ECF No. 14.) Kang proceeded to file several additional supplements, totaling over 600 pages. (ECF Nos. 15-20.)

**II.   LEGAL STANDARD**

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2016)). A federal court may conclude subject matter jurisdiction exists when either diversity of citizenship or a federal question is sufficiently pleaded. *Jayme v. MCI Corp.*, 328 F. App'x 768, 770-71 (3d Cir. 2008).

Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over a civil action "arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is retained "only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the

application of federal legal principles for its disposition." *Jayme*, 328 F. App'x at 770 (quoting *Lindy v. Lynn*, 501 F.2d 1367, 1369 (3d Cir. 1974)).

Pursuant to 28 U.S.C. § 1332, federal courts may invoke diversity jurisdiction over civil actions "where the amount in controversy exceeds $75,000 and is between citizens of different states, between citizens of a state and citizens of a foreign state, or between a foreign state and citizens of a state." *Jackson v. Del. River & Bay Auth.*, 224 F. Supp. 2d 834, 841 (D.N.J. 2002) (citing 28 U.S.C. § 1332). In order for a district court to possess diversity jurisdiction over the parties, "the parties must be completely diverse, meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)). Diversity jurisdiction must have been existed at the time of filing of the case. *Grand Union*, 316 F.3d at 410. "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

### III. DECISION[1]

---

[1] Because Kang is challenging his 2015 state-court divorce proceeding, the Court is likely deprived of jurisdiction pursuant to the *Rooker–Feldman* doctrine, which "deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication." *DeSantis v. Franklin*, 160 F. App'x 237, 238 (3d Cir. 2005) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L.Ed. 362 (1923)). *See also DeSantis*, 160 F. App'x at 238 ("Granting [compensation of costs related to the state court proceedings and conditions of the sale of the marital home, and ordering recusal of the state court judge] would allow [appellant] to use the federal courts to appeal a state court judgment and falls clearly within the *Rooker–Feldman* doctrine, which applies to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005))). Nevertheless, the Court will address Kang's allegations of diversity and federal question jurisdiction.

Kang asserts two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. The Court concludes that neither ground constitutes a valid basis for subject matter jurisdiction. Kang briefly mentions the reason for asserting federal question jurisdiction by claiming "citizen's rights under [the] US Constitution." (ECF No. 13 at 2.) Kang neither elaborates on any federal statute or provision implicated by the defendants' alleged acts nor demonstrates that his requested relief is independent from the state court action. Accordingly, the Court lacks federal question jurisdiction.

In addition, Kang argues that because he is a resident of Beijing, China and all of the defendants are residents of New Jersey, complete diversity exists and this Court has diversity jurisdiction. *Id.* Kang's statements regarding diversity jurisdiction are insufficiently pleaded because he only alleges that he and the defendants are residents of different states and not citizens of different states as required by § 1332. "Alleging residency alone is insufficient to plead diversity of citizenship." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018). Although Kang provides complete and specific addresses for most of the individual defendants in his Amended Complaint, he does not include his own full address. (ECF No. 13 at 3.)

More importantly, however, Kang explicitly alleges he is a U.S. citizen who resides in Beijing, China. *Id.* at 2. The Third Circuit has held that for the purposes of diversity jurisdiction, "a natural person is deemed to be a citizen of the state where she is domiciled." *Swinger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d. Cir. 2008). In order to qualify as a citizen of a state under diversity jurisdiction, a "natural person must be both a citizen of the United States and be domiciled within the State." *Id.* at 183-84 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Therefore, Kang, a U.S. citizen domiciled abroad, is a "stateless" citizen for purposes of the diversity jurisdiction analysis. A stateless citizen destroys complete diversity. *See*

*Newman-Green*, 490 U.S. at 829 (finding a U.S. citizen not domiciled within the United States destroyed diversity required under § 1332(a)(2) and (a)(3)). "American citizens living abroad cannot be sued (or sue) in federal court based on diversity jurisdiction as they are neither 'citizens of a State,' *see* 28 U.S.C. § 1332(a)(1), nor 'citizens or subjects of a foreign state,' *see id.* § 1332(a)(2)." *Swinger*, 540 F.3d at 184. Because this Court finds Kang, a U.S. citizen domiciled in China, to be a stateless party, the Court lacks diversity jurisdiction over this action.

The Court finds additional amendments would be futile, *see* Fed. R. Civ. P. 15, and therefore no further amendments are permitted.

### IV.  CONCLUSION

For the reasons set forth above, Kang's case is **DISMISSED** for lack of subject matter jurisdiction. No further amendments are permitted.

Date: December 28, 2022

>    */s/ Brian R. Martinotti*
>    **HON. BRIAN R. MARTINOTTI**
>    **UNITED STATES DISTRICT JUDGE**